UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In the Matter of the Application of<br><br>COMMERCIAL BANK OF DUBAI<br><br>          Petitioner,<br><br>For an Order under 28 U.S.C. § 1782(a) Authorizing Service of a Subpoena to Require Testimony and the Production of Documents by<br><br>AMERICAN EXPRESS, INC.<br><br>          Respondent,<br><br>For Use in a Contemplated Action, Dubai Court of First Instance, Plenary Commercial, UAE. | Case No. 20-Misc_____<br><br>***EX PARTE* PETITION FOR AN ORDER UNDER 28 U.S.C. § 1782(a)** |

   Commercial Bank of Dubai ("CBD") petitions the Court for an *ex parte* order under 28 U.S.C. § 1782(a) authorizing service of subpoenas, in substantially the form of Exhibit A hereto, directing American Express, Inc. ("Amex" or "Respondent"), a corporation that resides or may be found in this Court's district, to (i) provide documents responsive to the document subpoena set forth in the attached Exhibit A. In support thereof, CBD respectfully represents and alleges:

### Introduction

   CBD petitions the Court as an "interested person" under 28 U.S.C. § 1782(a) for an order authorizing the service of a discovery subpoena on Respondent for production of documents for use in a contemplated foreign proceeding.

**Nature of the Action**

1.  Through a Credit Facilities Agreement (i.e., a loan agreement) dated June 21, 2016, and its schedule dated June 21, 2016, and a Renewal Facility Letter dated June 6, 2017, CBD extended a loan (the "Chalmers Engineering Loan") in the amount of AED 37,537,810.50 (approximately $10 million USD, depending upon exchange rates) to Chalmers Engineering Company LLC ("Chalmers Engineering"), a limited liability company with an office in Dubai, UAE.  Declaration of Souhayel Tayeb, ¶ 3.

2.  Also on June 6, 2017, CBD obtained a personal guarantee from Stuart Allan Macdonald Chalmers ("Chalmers"), a UK national and Dubai, UAE resident, guaranteeing the repayment of the Chalmers Engineering Loan (the "Chalmers Personal Guarantee").  *Id.* at ¶ 4.  The Chalmers Personal Guarantee provides, in relevant part:

> 1. [Chalmers], the undersigned (hereinafter called "the Guarantor"), hereby jointly and severally agree[s] and undertake[s] to pay to the Bank, all the customer obligations and undertakings, up to an amount of AED37,537,810.50 (UAE Dirhams Thirty Seven Million Five Hundred Thirty Seven Thousands Eight Hundred Ten and Fils 50/100 Only), granted by virtue of Credit Facilities Agreement dated: 21/06/2016 and its schedule dated 21/06/2016 and Renewal Facility Letter dated 06/06/2017 (which the Guarantor acknowledge the receipt of their copies) plus all the accrued interest, charges, commissions and expenses, of whatever kind, as a joint obligation until its actual and full repayment.
>
> 2. [I], unconditionally and irrevocably [am] obliged to pay and settle under any circumstances and for any reason – immediately on first demand from the Bank and upon receiving a notification to our address mentioned therein, and without the need for any legal notification, warning or other procedure and without having the right to request the legal recourse to be first initiated against the Customer, all monies, liabilities, obligations and interests, whether certain or contingent, now or thereafter owing or incurred to the Bank from or by the Customer on any loan account, current account or other accounts or in any manner whatsoever whether as principal or surety and whether alone or jointly with any other person and in whatever name, style or form (hereinafter called "the indebtedness").

*Id.*

3. On October 1, 2018, Chalmers Engineering defaulted on the Chalmers Engineering Loan. *Id.* at ¶ 5. The amount of the outstanding debt that Chalmers Engineering owed to CBD at the time of the default was AED 31,938,196.78. *Id.*

4. On October 18, 2018, CBD made a first demand for payment to Chalmers in the amount of AED 31,938,196.78, pursuant to and in accordance with paragraph 2 of the Chalmers Personal Guarantee. *Id.* at ¶ 6. To date, and in breach of the Chalmers Personal Guarantee, Chalmers has not made any payment to CBD. *Id.* That is, Chalmers is in default of his guarantee obigations. *Id.*

5. Following CBD's first payment demand on the Chalmers Personal Guarantee, Chalmers liquidated certain assets. *Id.* at ¶ 7. Among other things, on information and belief: (a) on February 2020, Chalmers sold a property that he had owned for over a decade (i.e., since July 2009), located at 5 East 44th Street, New York, NY, 10017, (b) Chlamers affirmatively reprsented that he does not have sufficient funds to pay his debt to CBD; and (c) Chalmers may be engaged in making fraudulent conveyances to prevent CBD to executing on his assets. *Id.*

6. CBD is contemplating initiating a lawsuit against Chalmers in the Dubai Federal Court of the First Instance, Plenary Commercial Department, United Arab Emirates ("UAE") (the "Contemplated Action"). *Id.* at ¶ 8.

7. The Contemplated Action would involve claims that would be, in many respects, similar to claims for fraudulent conveyance under New York law. *Id.* at ¶ 9. In particular, the Contemplated Action would seek to establish that Chalmers has disposed of his real properties and certain other assets, is still doing so, and has transferred assets to other

parties to evade the settlement of the debt due to CBD under the Chalmers Personal Guaranteee. *Id.*

8. Based on such allegations, and evidence supporting such allegations including evidence sought from Respondent, CBD would seek relief including the unwinding to the fraudulent transfers so that the transferred assets could be utilized in satisfaction of the debt due from Chalmers to CBD under the Chalmers Personal Guarantee. *Id.* at ¶ 10.

9. The Contemplated Action would be based upon UAE law, pursuant to Article 397 of UAE Civil Procedures Law, which provides in relevant part: "if the creditors claimed the debt due to them from the debtor who guaranteed his debt by his assets in favor of those creditors, then the debtor may not donate his assets or to dispose of them, whether against return or not. Otherwise, the creditors may request the invalidity of any action taken by the debtor, and may request the sale of his assets and to distribute the collected sale amount among them pursuant to the law provisions." *Id.*

10. Among the issues that CBD wishes to prove through the introduction of evidence in the Contemplated Action are the following, all of which are essential elements of an action under Article 397:

    a. That Chalmers acted intentionally, deliberately and/or wrongfully to frustrate CBD's efforts to collect the debt that Chalmers owes to CBD and on the Chalmers Personal Guarantee;

    b. That Chalmers has divested his assets in excess of his debt to CBD;

    c. That although Chalmers may have nominally "divested" certain assets by transferring those assets to companies nominally "owned" and/or

"controlled" by third parites, in fact Chalmers continues to own and control the purportedly "divested" assets.

*Id.* at ¶ 11.

11. CBD seeks, under 28 U.S.C. § 1782(a), an order from this Court permitting CBD to seek discovery from an entity in the Southern District of New York to obtain evidence that CBD will need for the Contemplated Action. *Id.* at ¶ 12.

12. 28 U.S.C. § 1782(a) provides, *inter alia*,:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

### Parties to this Proceeding

13. CBD is a publically traded UAE banking and financial services corporation headquartered in Dubai. It is the 35th largest bank in the Persian Gulf region.

14. Respondent Amex is a multinational financial services company headquarted at 200 Vesey Street, New York, NY, 10281. On information and belief, Chalmers has one or more accounts with Amex.

### Jurisdiction and Venue

15. This Court has jurisdiction over the subject matter of petitioner's claim under 28 U.S.C. §§ 1331 and 1782(a) because this petition raises a federal question under 28 U.S.C. § 1782(a).

16. Venue is proper in this District under 28 U.S.C. § 1782(a) because Respondent resides or may be found within the District.

**Documents Requested From Respondent**

17. To prove that Chalmers has engaged in transactions that are in fact fraudulent conveyances (or akin thereto) under applicable UAE law, and to identify fraudulent transfers by Chalmers, CBD seeks the following discovery from Respondent:

- Account statements from 2019 and 2020 for Amex cards held by Chalmers or Chalmers Engineering.

- Account and payment information for payments received by Amex to pay debt owed to Amex on Amex cards held by Chalmers or Chalmers Engineering.

18. These CBD document requests are relevant and tailored to establish several critical points in the Contemplated Action.

    a. The document requests seek evidence that Chalmers acted intentionally, deliberately and/or wrongfully to frustrate CBD's debt and guarantee collection efforts. This may include, for example, documents showing transactions: (i) without a reasonable business purpose, (ii) timed to frustrate CBD's debt-enforcement efforts, (iii) that lack consideration, and (iv) that involve "roundtrip" transactions or other nominal "divestment" of assets as to which Chalmers in fact retains the beneficial ownership and use of the assets.

    b. The document requests seek evidence that Chalmers has divested assets in excess of his guarantee obligations to CBD; and

    c. The document requests seek evidence that although Chalmers may have nominally "divested" certain assets by transferring those assets to third parties, in fact Chalmers continues to own and control the purportedly "divested" assets.

**No Prior Application**

19.     No previous application for the relief sought by this petition, or for any similar relief, has been made to this or any other court by CBD.  This application is made in good faith and to promote the ends of justice.

20.     Like most Section 1782 applications, this application is made on an *ex parte* basis for the sake of speed and economy.

**Claim for Relief Sought**

21.     The allegations of paragraphs 1–20 above are incorporated by reference as if fully set forth herein.

22.     Section 1782(a) authorizes this Court to order a person within its jurisdiction "to produce a document . . . for use in a proceeding in a foreign or international tribunal."  An order under § 1782(a) may be entered on the application of "any interested person."  *Id*.  The twin aims of § 1782(a) are "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  *In re Application of Metallgesellschaft AG*, 121 F.3d 77, 79 (2d Cir. 1997) (internal quotation marks omitted).

23.     The Comtemplated Action is a "proceeding in a foreign or international tribunal" within the meaning of Section 1782(a).  *See Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (interpreting "proceeding" to mean a "proceeding in which an adjudicative function is being exercised").

24.     The case law is clear that Section 1782 discovery is appropriate even if the Contemplated Action has not yet been filed.  As the Supreme Court has held, "the 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need

not be 'pending' or 'imminent.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004); *Mees v. Buiter*, 793 F.3d 291, 295 (2d Cir. 2015) (same).

25. CBD, as a litigant that will initiate the Contemplated Action, is the paradigmatic "interested person" within the meaning of Section 1782(a). *Intel*, 542 U.S. at 257 ("'any interested person' is intended to include . . . litigants before foreign or international tribunals'") (internal quotation marks and citations omitted).

26. This Court should exercise its discretion because the sought discovery cannot be ordered by the UAE court, because those courts do not have jurisdiction over Respondent necessary to obtain discovery from Respondent. *See Intel*, 542 U.S. at 264 (concluding that whether the foreign tribunal has jurisdiction over the party from whom discovery is sought is a factor salient to the exercise of the Court's discretion under § 1782). As explained by the Supreme Court in *Intel*, non-participants in the foreign action—such as the Respondent here— "may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

27. This Court should further exercise its discretion because this petition is not an attempt to circumvent restrictions on discovery under UAE or other foreign countries' laws. Indeed, CBD anticipates that the UAE courts will accept as evidence any discovery obtained purusant to 28 U.S.C. § 1782.

28. The requested discovery is not unduly intrusive or burdensome, *see id*., but rather narrowly tailored to ascertain facts directly relevant to establishing CBD's fraudulent conveyanace claims against Chalmers.

WHEREFORE, petitioner CBD respectfully requests the entry of an *ex parte* order, in the form to which this petition is annexed, authorizing the service on Respondent of subpoenas, in substantially the form of the draft subpoena annexed as Exhibit A, to obtain evidence for use in CBD's litigation in the UAE.

Dated: New York, New York
September 15, 2020.

        Respectfully submitted,

        /s/ *Robert W. Hamburg*
        Robert W. Hamburg
        MAYER BROWN LLP
        1221 Avenue of the Americas
        New York, NY 10020
        (212) 506-2500
        RHamburg@mayerbrown.com

        *Of Counsel:*

        Alex C. Lakatos
        MAYER BROWN LLP
        1999 K Street N.W.
        Washington, DC 20006
        (202) 263-3000
        ALakatos@mayerbrown.com

        *Attorneys for Petitioner Commercial Bank of Dubai*